# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOLYNN WRIGHT,

**Plaintiff,**

vs.   Case No.

WAZNI, PLLC d/b/a
UNITED VEIN CENTERS,

**Defendant.**   JURY TRIAL DEMANDED
_____/

## COMPLAINT

Comes now JOLYNN WRIGHT ("Wright"), by and through her undersigned attorney, and alleges as follows:

## PRELIMINARY STATEMENT

1. WAZNI, PLLC d/b/a UNITED VEIN CENTERS ("WAZNI") is a company that provides medical services in the State of Florida.

2. WAZNI's headquarters are in Pinellas County, Florida.

3. WAZNI employed Wright from approximately January of 2019 through June of 2019.

4. Wright was not paid for several working days while employed by WAZNI, violation of minimum wage laws.

5. Wright was also not paid overtime wages for hours worked over 40 in any workweek.

## JURISDICTION

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). This court has supplemental jurisdiction over plaintiff's related claims arising under state laws pursuant to 28 U.S.C. § 1367(a).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

8. Venue is proper in this District under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

**Plaintiff**

9. Wright resides in Trinity, Florida.

10. Wright worked for Defendant as a Sales Representative from approximately January of 2019 through approximately June of 2019

11. Wright typically worked approximately 45 hours per week or more for Defendant's benefit.

12. Wright was not paid the minimum wage for all hours worked, and was not paid overtime for all of the hours she worked over 40 in a workweek.

13. Plaintiff estimates that she worked more than 40 hours during most or all of the workweeks she was employed by Defendant.

14. Wright worked these hours pursuant to WAZNI's policy or practice of requiring her to work a full-time schedule, including overtime.

15. Wright is a covered employee within the meaning of the FLSA.

**Defendant**

16. Defendant WAZNI is a Florida corporation with corporate headquarters located in Pinellas County, Florida.

17. WAZNI is a covered employer as defined by the FLSA.

18. WAZNI employed Plaintiff within the meaning of the FLSA.

19. WAZNI had substantial control over the working conditions of Plaintiff and over the unlawful policies and practices alleged herein at all times relevant to this lawsuit.

20. WAZNI controlled Plaintiff's terms and conditions of employment by, *inter alia*, determining her compensation.

21. On information and belief, WAZNI's annual gross volume of sales made or business done is not less than $500,000.

22. All of the work that Plaintiff performed has been assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff has performed.

23. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff. This policy and pattern or practice includes, but is not limited to:

    (a) Willfully misclassifying Plaintiff as exempt;

    (b) Willfully failing to pay Plaintiff the minimum wage for all hours worked;

    (c) Willfully failing to pay Plaintiff overtime for hours worked in excess of 40 hours per workweek; and

    (d) Willfully failing to record all of the time that Plaintiff worked for the benefit of Defendant.

24. Defendant is aware or should have been aware that federal and state law required it to pay Plaintiff the minimum wage for all hours worked, and to pay an overtime premium for hours worked in excess of 40 per workweek.

25. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff.

## COUNT ONE
### Fair Labor Standards Act – Unpaid Minimum Wages

26. Plaintiff repeats and realleges paragraphs 1 through 25 hereof, as if fully set forth herein.

27. Defendant failed to pay Plaintiff the minimum wages to which she is entitled under the FLSA.

28. Defendant has engaged in a policy, pattern, and practice of violating the FLSA, as detailed in this Complaint.

29. At all times relevant, Plaintiff was engaged in commerce and/or production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

30. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

31. At all times relevant, WAZNI has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

32. Defendant was required to pay Plaintiff the applicable minimum wage for all work performed from to the present.

33. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at

trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

34. Defendant's unlawful conduct, as described in this Complaint, has been intentional and willful. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

## COUNT TWO
## Fair Labor Standards Act – Unpaid Overtime

35. Plaintiff repeats and realleges paragraphs 1 through 25 hereof, as if fully set forth herein.

36. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, et seq., and the supporting federal regulations, apply to Defendant and protect Plaintiff.

37. Defendant has failed to pay Plaintiff for hours that she worked in excess of 40 hours in a workweek.

38. As a result of Defendant's unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT THREE
## Breach of Contract

39. Plaintiff repeats and realleges paragraphs 1 through 25 hereof, as if fully set forth herein.

40. Plaintiff and Defendant WAZNI are parties to a legally binding and enforceable contract.

41. Defendant WAZNI has materially breached that contract by failing to pay Plaintiff all amounts due thereunder.

42. As a result of WAZNI's material breach, Plaintiff has suffered damages in amounts to be determined at trial, and is entitled to recovery of such amounts, attorneys' fees, costs, and interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

(a) Unpaid minimum wages and overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, et seq., and the supporting United States Department of Labor regulations;

(b) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

(c) An injunction requiring Defendant to pay all statutory required wages and liquidated damages pursuant to the FLSA;

(d) Damages for breach of contract including but not limited to unpaid wages and unpaid commissions;

(e) Pre- and post-judgment interest;

(f) Attorneys' fees and costs of this action pursuant to the FLSA and Fla. Stat. 448.08;

(g) Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

|  |  |
|---|---|
|  | Respectfully submitted by, |
| DATED: February 7, 2020. | /s/ Jamie Moore Marcario |
|  | Jamie Moore Marcario, Esq. |
|  | Florida Bar No.: 0089366 |
|  | Thrive Law, PA |
|  | 2260 Fifth Avenue South, Suite 1 |
|  | St. Petersburg, FL 33712 |
|  | Main: 727.300.1990 |
|  | Primary email: jamie@thrivelaw.com |
|  | Secondary emails: |
|  | eservice@thrivelaw.com |
|  | hope@thrivelaw.com |
|  | *Counsel for Plaintiff, Jolynn Wright* |